McCullough *et al.*, guardians, *et al. vs.* Johnson, Ordinary.

1. This being the case reported in 59 *Ga.*, 212, (the present writ of error arising out of a new trial of the same in the court below) and the presiding judge having, in his charge to the jury on the new trial, adopted the favorable legal theory, that if the guardian debited himself with notes as cash, he might nevertheless account for the fund as notes only, unless he intended to make them his own and become personally responsible to his ward, and the jury having passed on the truth of his plea, and on his intention, his diligence and his good faith, with no material error of which he can complain in the charge of the court, and the verdict being for a less sum than might have been found under the evidence with strict law applied thereto, and the presiding judge being satisfied with the verdict, his discretion in overruling the motion of the guardian and his sureties for a new trial should not be disturbed.

2. Where the case of a guardian, according to the facts in evidence, was not one requiring time in the beginning of the trust to collect assets and ascertain indebtedness, and where he took the office while the act of 1847 (Code, §2603 ; Cobb's Dig., 336,) was in force without the modification wrought by the act of 1866 (Code, §2602; pamph. acts of 1865-'66, p. 84,) he was not entitled to exemption from interest during the first year after his qualification. A guardian who qualified in 1860, is not affected by the temporary legislation on the the subject of compound interest, which took place pending the war, inasmuch as the first six years of his term had not expired when that legislation (granting it to have been effective) ceased to operate. See 34 *Ga.*, 309.

Guardian and ward. New trial. Interest. Before Judge Underwood. Floyd Superior Court. January Adjourned Term, 1878.

To the report contained in 59 *Ga.*, 212, it is only necessary to add, that upon the second trial the following verdict was returned : "We, the jury, find for the plaintiff the

McCullough et al., guardians, et al. vs. Johnson, Ordinary.

sum of $4,150.00 as principal, with interest as the law provides, from October the 14th, 1860, to this date, to-wit: counting interest the first six years at 7 *per cent.*, and then compounding at 6 *per cent.*, we find the amounts now due to be the sum of $8,013.44 as principal, and the sum of $1,943.40 interest, which sums we find in favor of the plaintiff against the defendants."

The defendants moved for a new trial because of certain alleged errors in the charge, because the verdict was contrary to the charge, and because the court erred in instructing the jury as follows : " The interest to be charged against trustees appointed since the 1st of January, 1848, and hereafter appointed, shall be at the rate of 7 *per cent. per annum*, without compounding, for six years from the date of their qualification, and after that time at the rate of 6 *per cent. per annum*, annually compounded."

The motion was overruled, and defendants excepted.

DABNEY & FOUCHE; J. BRANHAM, for plaintiffs in error, cited 41 *Ga.*, 581; 57 *Ib.*, 226; acts of 1862, pam. p. 30; acts of 1863, pam. p. 143 ; 45 *Ga.*, 520 ; 56 *Ib.*, 410 ; 38 *Ib.*, 304; acts of 1866 ; ordinances of conventions of 1865 and 1868.

WRIGHT & FEATHERSTON, for defendant.

On double capacity of guardian and administrator, see 4th Rich., Equity, 14; 1 Brock., 266 ; 5 Mason, 95; 18 How., 100; 1 Rich., 351; 25 Ala., 363; 2 Hawks, N. C., 497; 2 Gill & J., 220 ; 36 Verm., 297 ; 13 Met., 51; 57 *Ga.*, 226 ; 41 *Ib.*, 579 ; 11 Ves., 877; 1 Perry on Trusts, 463 ; 8 Gill & J., 218 ; 41 Ala., 708 ; 12 Ark., 77 ; 12 Allen, 603 ; 3 Penn., 319, 106; 1 Paige, 1. Estopped from denying settlement as guardian with himself as administrator, 11 *Ga.*, 258; 33 *Ib.*, 33. Had no right to receive anything but money, 55 *Ga.*, 89 ; 43 Ala., 109 ; 46 *Ib.*, 600 ; 25 *Ib.*, 363 ; 1 J. J. Marsh., 440 ; 4 Iredell, Equity, 264. Rule applies to attorneys and agents to collect generally, Code, §409 ; Story

on Ag., §§181, 202, 215; 7 Wall., 447, 452. McCullough should not be credited, 48 *Ga.*, 471.

Bleckley, Justice.

1. On looking into the record, it is apparent that, under the application of strict law, the verdict might have been for more than it was. There was no abuse of discretion in overruling the motion for a new trial.

2. The charge of the court as to the rule of interest, was in conformity to the statute applicable to the case. The temporary legislation which took place during the war, on the subject of compound interest, had no practical application to a guardian who qualified as late as 1860.

Judgment affirmed.